**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE: MCLAREN
SERVISTAR HARDWARE,
INC.,

CIVIL ACTION NO. 07-CV-13607-DT

DISTRICT JUDGE JOHN FEIKENS

MAGISTRATE JUDGE MONA K. MAJZOUB

_____/

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION:** Affirm the bankruptcy court's Order denying Appellants' Motion for Leave to Appeal.

**II.    REPORT:**

    **A.     Facts, Procedural History, and Claims**

This matter comes before the Court on the appeal by Samuel Sweet, Trustee, and two creditors, Lee Klein and Samuel McLaren (Appellants), of the bankruptcy court's Order entered on August 14, 2007 denying Appellants' Motion for Leave to Appeal. (Docket no. 1). This matter was referred to the undersigned for a Report and Recommendation on the appeal. (Docket no. 7). Appellants and Appellee TruServ Corporation filed briefs. (Docket nos. 4, 6). In addition, Appellants filed a Reply brief. (Docket no. 8). The Court sent notice to the parties for oral argument on the appeal to be held on March 24, 2008. Counsel for TruServ Corporation, Mr. Robertson, appeared at the federal courthouse in Detroit, Michigan as noticed. Mr. Klein and Mr. McLaren did not appear. Instead, they mistakenly appeared at the federal courthouse in Flint, Michigan. After attempting unsuccessfully to conference them into the courtroom by phone, the

Court advised them that it would decide this matter on the briefs. This matter is therefore ready for ruling.

Appellants contend that the bankruptcy filing of the debtor hardware store, of which creditor McLaren was President, was caused by misrepresentations made by Appellee related to the merger of TruValue and ServiStar hardware companies. (Docket no. 1 at 8-9). The merger resulted in the formation of the TruServ Corporation cooperative. (*Id*. at 4). According to Appellants, after the merger the debtor store was forced to become a non-branded store which resulted in it having to close its doors. (*Id*. at 8-9).

One of the assets of the bankruptcy estate was a securities account held by Appellee which contained common and preferred stock of TruServ Corporation owned by the debtor. (*Id*. at 9-10). The Trustee filed an adversary proceeding against TruServ seeking deposit with the bankruptcy court of the value of this account. (*Id*.). TruServ filed a motion for summary judgment contending that it had a right of set-off in this account for damages allegedly owed it by debtor. (*Id*. at 10). The Trustee assigned a portion of the claim against TruServ to creditors McLaren and Klein. (*Id*.). They proceeded to litigate the summary judgment motion *pro se*. (*Id*.). As part of the proceeding the bankruptcy court entered an Order allowing conventional filing of papers (rather than e-filing) by McLaren and Klein. (*Id*. at 10-11). The bankruptcy court granted TruServ's motion for summary judgment. (*Id*. at 11). McLaren and Klein moved for reconsideration. (*Id*.). The bankruptcy court denied that motion during oral argument on April 25, 2007 and indicated that a written order would be entered. (*Id*.). The written order was subsequently entered on April 30, 2007. (*Id*.). On May 24, 2007 a representative of Klein's office learned from the bankruptcy court judge's clerk that the April 30, 2007 Order had been entered. (*Id.* at 12). McLaren and Klein, joined by the Trustee, filed

a Motion for Leave to Appeal the denial of their motion for reconsideration on June 4, 2007 (dated June 1, 2007). (*Id*.).

The bankruptcy court denied Appellants' Motion for Leave to Appeal by Order entered on August 14, 2007 for the reasons stated from the bench during the hearing on July 25, 2007. (*Id*.). During the hearing the bankruptcy court stated that it believed it had no jurisdiction to do anything but deny the motion because Appellants had not filed the motion in a timely manner. (*Id*. at 3; docket no. 10 at 21).

Appellee claims on appeal that the bankruptcy court correctly found that it lacked jurisdiction to do anything but deny Appellants' Motion for Leave to Appeal. (Docket no. 6). Appellants do not dispute that they failed to file a notice of appeal during the initial 10-day appeal period following entry of the April 30, 2007 Order. (Docket no. 4 at 13). They also do not dispute that they failed to file a notice of appeal or motion for extension of time to appeal during the next 20-day period allowed for the filing of motions for extension of time to appeal based on excusable neglect. (*Id*.). Appellants argue that despite their failings, due to the unique circumstances of this case their appeal should be heard. (*Id*. at 13-16). The major circumstances relied upon by Appellants are the bankruptcy court's entry of the Order allowing them to file papers in a conventional method and the court's failure to mail copies of the April 30, 2007 Order to them. (*Id*.).

**B.     Controlling Law**

The district court acts as an appellate court in a bankruptcy appeal. Decisions of law are reviewed de novo. *In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000). Bankruptcy Rule 8002 governs the time for filing a notice of appeal in bankruptcy court. Rule 8002(a) requires that a

notice of appeal be filed with the clerk within 10 days of the date of entry of the order from which the appeal is taken. Rule 8002(c) allows the bankruptcy court to extend the time for filing a notice of appeal but the request to extend the time must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. The extension of time may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by the Rule or 10 days from the date of entry of the order granting the motion, whichever is later. Bankr. R. 8002(c)(2). Rule 9022(a) provides that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002."

**C.    Analysis**

Before turning to the merits of the case, the Court will briefly address the Appellants' failure to appear in Detroit, Michigan for oral argument on this appeal. The Court's records show that the Notice of Hearing clearly states that the location of the hearing will be in Room 228 of the Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan. (Docket no. 11). The Notice was mailed to the addresses for Mr. Klein and Mr. McLaren which they provided to the Court's clerk. The Notice was mailed to them on or about January 17, 2008 for the hearing to be held on March 24, 2008. (*Id*.). Mr. Klein advised the Court on the phone from Flint, Michigan that he did not receive the Court's written Notice. Nevertheless, the Court notes that he appeared in Flint, Michigan at the time set out in the Court's Notice of Hearing for the Detroit hearing. The Court finds that proper notice was sent to Appellants. Opposing counsel was present in Detroit and ready for argument. The Court attempted unsuccessfully to conference Appellants into the courtroom by

phone. Under these circumstances, the Court finds that making a determination on the briefs is the appropriate method by which to proceed. The Court advised Mr. Klein of this determination by phone on March 24, 2008.

Appellants do not dispute that they failed to file a notice of appeal or motion for extension of time to appeal during both the first 10-day appeal period and the following 20-day excusable neglect period set out in Rule 8002. Their only filing was their Motion for Leave to Appeal on June 4, 2007. The Order being appealed from was entered on April 30, 2007. The 10-day appeal period expired on May 10, 2007. *See* Bankr. R. 9006 (computation of time). The following 20-day excusable neglect period expired on May 30, 2007. (*Id.*). Therefore, the June 4 motion was not timely either as a notice of appeal or as a motion to extend the time for appeal.

The time periods set out by Rule 8002 are jurisdictional. *In re Williams*, 216 F.3d at 1298; *In re Dick*, 1999 WL 617966 (6th Cir. Aug. 12, 1999); *In re Owens*, 1997 WL 693555 at *1 (6th Cir. Oct. 31, 1997) ("Cases interpreting Rule 8002 hold that the rule shall be strictly construed and that timely filing is a jurisdictional requirement."). Neither an appellant's *pro se* status nor lack of notice of the bankruptcy court's order affects the jurisdictional nature of the Rule. *In re Owens*, 1997 WL 693555.

Appellants contend that the "unique circumstances" of this case, particularly the bankruptcy court's entry of the order allowing them to file papers conventionally, should excuse their tardy filing.[1] However, the Supreme Court has limited the applicability of the "unique circumstances" doctrine, which allows a notice of appeal to be considered timely filed, to those times "where a party

---

[1] Trustee Sweet received timely notice of the entry of the bankruptcy court's Order denying the Motion for Reconsideration but did not inform creditors McLaren or Klein of the Order because he assumed they would receive notice from the court. (Docket no.10 at 4).

has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989).[2] Appellants fail to come within this doctrine because they fail to show that they were given any assurance by a judicial officer that any act was properly done. Moreover, Appellants concede that the bankruptcy judge's clerk informed them on May 24, 2007, several days prior to the expiration of the excusable neglect period, of the entry of the April 30, 2007 Order denying their motion for reconsideration.[3] They failed to file a motion for extension of time during this period and do not offer any valid reason why they failed to do so. Their argument that they were entitled to the full 10-day appeal period following their receiving notice should be rejected because Bankr. Rule 9022 provides that lack of notice of entry of an order does not affect the time to appeal.[4] *See In re Owens*, 1997 WL 693555. In addition, Appellants' arguments regarding whether they can show excusable neglect are irrelevant given their failure to

---

[2] The case relied upon by Appellants, *Stauber v. Kieser*, 810 F.2d 1 (10th Cir. 1982), was overruled to the extent that it is inconsistent with *Osterneck*. *Weitz v. Lovelace Health Sys. Inc.*, 214 F.3d 1175 (10th Cir. 2000).

[3] Appellants also allege that Klein's office "continually and repeatedly" called the bankruptcy judge's clerk beginning on or about May 1, 2007. (Docket no. 4 at 14).

[4] Appellants' reliance upon *In re Atlas Sewing Ctrs., Inc.,* 336 F. Supp. 684 (S.D. Fla. 1972), *aff'd*, 461 F.2d 1002 (5th Cir. 1972), is misplaced. In that case the period for filing a petition for review expired on Saturday, Jan. 8, 1972 and the petition was filed on Monday, Jan. 10, 1972. The court reasoned that because the court clerk's office was inaccessible on Saturday, the Monday filing was timely. Here there was no similar obstacle to Appellants filing a motion for extension of time to appeal after they received notice of the entry of the order denying reconsideration.

file a timely motion for extension of time to appeal or a notice of appeal[5] during the excusable neglect period.

Because Appellants failed to file a timely notice of appeal or a timely motion for extension of time to file a notice of appeal, the bankruptcy court's Order denying their Motion for Leave to Appeal should be affirmed.

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

---

[5] Appellee argues that Appellants' filing of a motion for leave to appeal was procedurally improper. (Docket no. 6 at 12). This argument need not be addressed due to the tardy filing of the Motion for Leave to Appeal.

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: March 25, 2008                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE.




**PROOF OF SERVICE**

    I hereby certify that a copy of this Report and Recommendation was served upon Lee J. Klein, Samuel L.McLaren and Counsel of Record on this date.

Dated: March 25, 2008                    s/ Lisa C. Bartlett
                                         Courtroom Deputy